IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON ROSS and DEBRA JOSEY, Individually and on behalf of a class of similarly situated African American employees,<br><br>Plaintiffs,<br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>Defendant. | Civil No. 1:16-cv-2508 |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On August 22, 2018, Plaintiffs filed a Notice of Supplemental Authority (Dkt. 39) alerting the Court to a recent out-of-circuit decision, *Cerjanec et al. v. FCA US LLC*, No. 17-10619, 2018 U.S. Dist. LEXIS 131434 (E.D. Mich. Aug. 6, 2018). Defendant Lockheed Martin Corporation ("Lockheed Martin") submits this response to explain that *Cerjanec* is factually inapposite and, in its view, misapplies Supreme Court precedent, namely *Wal-Mart Stores, Inc. v. Dukes, et al*. Accordingly, the *Cerjanec* decision should have no bearing on the Court's review of Lockheed Martin's Motion to Dismiss/Strike Plaintiffs' Class Action Claims and to Dismiss Plaintiffs' Breach of Contract Claim (Dkt. 35).

*First*, Plaintiffs' Notice of Supplemental Authority attempts to argue that the facts of *Cerjanec* are analogous to those here. This is incorrect. In *Cerjanec*, the plaintiffs challenged the availability of age information during performance rating calibration sessions, arguing that employee photos, ages, and identification numbers were shown to evaluating managers during these sessions, which resulted in age-based decision-making. *Cerjanec*, 2018 U.S. Dist. LEXIS

131434 at *3.  The court found that a challenge to this specific practice could give rise to a viable disparate impact claim.  *Id.* at *7-8.  However, here, Plaintiffs do not challenge one discrete aspect of Lockheed Martin's performance rating system.  Rather, they challenge a whole host of alleged issues, including the commitments established by African American employees (SAC ¶¶ 47-64), the way in which managers evaluate employee behaviors, (SAC ¶¶ 65-71), the rating decisions made by managers during calibration sessions (SAC ¶¶ 72-90), and the alleged "excessive subjectivity" provided to mangers when making performance rating decisions (SAC ¶ 91).  As Plaintiffs' own claims demonstrate, these alleged policies/practices may (or may not) impact African American employees in any number of ways.  So, in effect, Plaintiffs "point[] to defendant's [performance] plan and alleg[e] it was less generous to [African American] workers," which as the *Cerjanec* court noted "does not discharge an employee's burden" when pleading a disparate impact claim.  *Cerjanec*, 2018 U.S. Dist. LEXIS 131434 at *7.

*Second*, the *Cerjanec* court relies on a misinterpretation of *Wal-Mart Stores, Inc. v. Dukes, et al.*, 564 U.S. 338 (2011).  As an initial matter, the *Cerjanec* court incorrectly asserts that *Wal-Mart* is distinguishable because it involved a pattern and practice disparate treatment claim, rather than a disparate impact claim.  *Cerjanec*, 2018 U.S. Dist. LEXIS 131434 at *24.  This is inaccurate—*Wal-Mart* also involved a disparate impact claim.  *Wal-Mart*, 564 U.S. at 344 ("[Plaintiffs] claim that their local managers' discretion over pay and promotions is exercised disproportionately in favor of men, leading to an unlawful ***disparate impact*** on female employees.") (emphasis added).  Next, the *Cerjanec* court states that the facts before the court are distinct from those in *Wal-Mart* because access to age information during calibration sessions creates a plausible common question regarding whether older employees were disfavored in the performance rating process.  *Cerjanec*, 2018 U.S. Dist. LEXIS 131434 at *24.  This too is

incorrect. Whether any manager utilized the age information presented during any particular calibration session to the detriment of any particular older employee is an inherently individualized inquiry. Addressing this inquiry as to one older worker will in no way determine whether such information was used to the detriment of a different older worker. Therefore, contrary to the *Cerjanec* court's conclusion, the availability of age information does not create a plausible common answer to why any older worker received a particular rating. *See Cerjanec*, 2018 U.S. Dist. LEXIS 131434 at *24. As such, commonality does not plausibly exist.

      Accordingly, for the foregoing reasons, Lockheed Martin maintains that *Cerjanec et al. v. FCA US LLC* is irrelevant to the motion presently before the Court.

      Respectfully submitted,

/s/ Krissy A. Katzenstein
Grace E. Speights (D.C. Bar No. 392091)
grace.speights@morganlewis.com
Krissy A. Katzenstein (D.C. Bar No. 1002429)
krissy.katzenstein@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel:   (202) 739-3000
Fax:  (202) 739-3001

*Counsel for Defendant Lockheed Martin Corp.*

Dated:  August 29, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2018, a true and correct copy of the foregoing **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** has been served via CM/ECF on:

Cyrus Mehri
Michael Lieder
Joanna Wasik
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Tel: (202) 822-5100
Fax: (202) 822-4997
cmehri@findjustice.com
mlieder@findjustice.com
jwasik@findjustice.com

/s/ Krissy A. Katzenstein
Krissy A. Katzenstein