IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON ROSS and DEBRA JOSEY, Individually and on behalf of a class of similarly situated African American employees,<br><br>   Plaintiffs,<br>v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>   Defendant. | Civil No. 1:16-cv-2508 |

### RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On February 13, 2019, Plaintiffs filed a Notice of Supplemental Authority (Dkt. 46) alerting the Court to a recent out-of-circuit decision, *Woods-Early v. Corning Inc.,* No. 18-cv-6162, 2019 U.S. Dist. LEXIS 17579 (W.D.N.Y. Feb. 4, 2019). Defendant Lockheed Martin Corporation ("Lockheed Martin") submits this response to explain that *Woods-Early* is factually inapposite, making the Court's rationale for denying Corning's motion inapplicable here. Therefore, the *Woods-Early* decision should have no bearing on the Court's review of Lockheed Martin's Motion to Dismiss/Strike Plaintiffs' Class Action Claims and to Dismiss Plaintiffs' Breach of Contract Claim (Dkt. 35).

In *Woods-Early*, the plaintiff alleges that a small "brain trust" of executives controls the performance ratings awarded to professionals and does so to the detriment of African American employees thereby barring African American employees from advancing to higher pay bands. 2019 U.S. Dist. LEXIS 17579 at *6-7, 16. Relying on this allegation and this narrow basis, the court denied Corning's motion. *Id.* *16.

Here, in contrast, Plaintiffs point to a number of different individualized ways in which direct managers may negatively impact African American employees in the performance rating process.  (*See, e.g.* Second Am. Compl. ¶¶ 65-71 (challenging the way in which <u>managers</u> evaluate employee behaviors); *id.* ¶¶ 72-90 (taking issue with the rating decisions made by <u>managers</u> during calibration sessions); *id.* ¶ 91 (alleging that "excessive subjectivity" provided to <u>managers</u> when making performance rating decisions harms African American employees).) Plaintiffs also challenge the individualized decision-making of African American employees themselves.  (*Id.* ¶¶ 47-64 (asserting that the "commitments" established by African American employees may preclude them from receiving high ratings).)  So, according to Plaintiffs and as demonstrated by their individual claims, African American employees could allegedly be harmed in any number of individualized ways that are not susceptible to common proof.  Thus, unlike in *Woods-Early*, Plaintiffs have not even arguably articulated a theory that would link the claims of the class they seek to represent.

In short, simply because *Woods-Early* and this matter involve challenges to performance rating systems that allegedly discriminate against African American employees does not make the cases factually analogous.  Nor does it make the court's decision in *Woods-Early* relevant to this case.  Rather, the most analogous decision is the decision that this Court has already entered finding that Plaintiffs' allegations do not plausibly support a conclusion that the requirements of Federal Rule of Civil Procedure 23 can be satisfied.  Lockheed Martin, therefore, respectfully requests that, consistent with its prior ruling, this Court grant Lockheed Martin's Motion to Dismiss/Strike Plaintiffs' Class Action Claims and to Dismiss Plaintiffs' Breach of Contract Claim (Dkt. 35).

                    Respectfully submitted,

                    /s/ Krissy A. Katzenstein
                    Grace E. Speights (D.C. Bar No. 392091)
                    grace.speights@morganlewis.com
                    Krissy A. Katzenstein (D.C. Bar No. 1002429)
                    krissy.katzenstein@morganlewis.com
                    MORGAN, LEWIS & BOCKIUS LLP
                    1111 Pennsylvania Avenue, NW
                    Washington, DC 20004
                    Tel:   (202) 739-3000
                    Fax:   (202) 739-3001

                    *Counsel for Defendant Lockheed Martin Corp.*

Dated: February 20, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2019, a true and correct copy of the foregoing **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** has been served via CM/ECF on:

Cyrus Mehri
Michael Lieder
Joanna Wasik
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Tel: (202) 822-5100
Fax: (202) 822-4997
cmehri@findjustice.com
mlieder@findjustice.com
jwasik@findjustice.com

/s/ Krissy A. Katzenstein
Krissy A. Katzenstein