### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON ROSS and DEBRA JOSEY, individually and on behalf of a class of similarly situated African American employees, ) ) ) ) ) ) Plaintiffs, ) v. ) ) LOCKHEED MARTIN CORP., ) ) Defendant. ) ) | NO. 1:16-cv-02508-KBJ CLASS ACTION |

### JOINT STATUS REPORT

The parties, by their undersigned counsel, submit this Joint Status Report as directed by the Court's Minute Order of October 16, 2020.

1. **Stay of Proceedings for Settlement Discussions.** On October 23, 2020, the Court of Appeals for the District of Columbia Circuit denied Plaintiffs' petition filed pursuant to Federal Rule of Civil Procedure 23(f) to appeal this Court's denial of Plaintiffs' Motion for Class Discovery (Dkt. No. 53). The parties request that all proceedings in this case be stayed until Monday, November 30, 2020, during which time the parties will attempt to negotiate a settlement. If the parties are unable to reach a settlement of one or both Plaintiff's claims by that date, they propose the schedule set out in paragraphs 2-7 below.

2. **Amended pleadings.** In the absence of good cause, neither party may file an amended pleading. Because the Court's Order on Plaintiffs' Motion for Class Discovery (Dkt. No. 64) effectively struck Plaintiffs' class allegations of discrimination, Plaintiffs do not need to file a Third Amended Complaint ("TAC") to eliminate their class allegations from the Second

Amended Complaint ("SAC") (Dkt. No. 34) or to supplement their allegations since the SAC was filed.

    3.    **Discovery.**

    a.    Parties shall make the initial disclosures set forth in Federal Rule of Civil Procedure 26(a)(1)(A) no later than December 14, 2020.

    b.    Non-expert discovery will conclude on May 28, 2021. The scope of discovery will be as set forth in Federal Rule of Civil Procedure 26(b)(1) and consistent with the Court's Order on Plaintiffs' Motion for Class Discovery (Dkt. No. 64).

    c.    Each side shall be limited to 20 interrogatories and 10 non-expert depositions, including depositions of third parties. A 30(b)(6) deposition that lasts less than seven hours shall be counted as a single deposition, even if the deponent has multiple witnesses testify for it and even if, because of the multiple witnesses, the deposition takes more than one day to complete. The parties do not suggest any limits on the number of document production requests or requests for admission at this time.

    d.    All document production requests must be served no later than April 16, 2021. All interrogatories and requests for admission must be served no later than April 28, 2021. All deposition notices must be served no later than May 14, 2021. If there is a discovery dispute or other issue that causes a party not to receive all information requested in a timely request by May 28, 2021, the party from which discovery is sought shall not be relieved of its discovery obligations by reason of the passage of that date if the requesting party timely files a motion to compel.

    e.    Plaintiffs shall serve any expert reports on or before June 28, 2021. Defendant shall serve any expert reports on or before August 11, 2021. Plaintiffs shall serve any rebuttal reports on or before August 30, 2021. Plaintiffs shall make their experts available for deposition

at least ten days before Defendant's expert deadline and Defendant shall make its expert available for deposition at least 7 days prior to Plaintiffs' rebuttal report deadline.

    **4.**    **Discovery-Related Orders.**  Defendants shall present Plaintiffs with a draft protective order and a draft order governing the production of electronically stored information on or before December 4, 2020.  The parties will treat negotiation over those proposed orders as a priority.  If they reach agreement, they will submit the agreement to the Court in conformance with section 5(f) of the Court's General Order and Guidelines for Civil Cases.  If they have not filed proposed orders concerning both of those subjects by December 18, 2020, they shall file a joint status report with the Court stating whether they are at an impasse.  If one or both parties believe they are at an impasse, they will submit the provisions to which they have agreed and their respective provisions concerning any issues that have not been resolved.

    **5.**    **Motions for Summary Judgment.**  Any motion for summary judgment shall be filed on or before October 11, 2021.  Any opposition shall be filed on or before 28 days after the motion, and any reply shall be filed on or before 14 days after the opposition.

    **6**.    **Final Pretrial Conference.**  The final pretrial conference shall occur on January 18, 2022 at __ _.m, or, if a decision on all motions for summary judgment has not been rendered by then, not later than 28 days after a ruling on all motions for summary judgment.

    **7.**    **Trial.**  Any trial in this case shall commence February 14, 2022 or not earlier than 45 days after a ruling on all motions for summary judgment, whichever is later.  Defendant reserves its right to seek to sever Plaintiffs' cases for trial.

October 30, 2020

| | |
|---|---|
| By: /s/ Michael Lieder<br>Cyrus Mehri<br>Michael D. Lieder<br>**MEHRI & SKALET, PLLC**<br>1250 Connecticut Ave. NW Suite 300<br>Washington, DC  20036<br>cmehri@findjustice.com<br>mlieder@findjustice.com<br><br>Charles Firth<br>**ENGELMEIER & UMANAH, P.A.**<br>706 Second Avenue South<br>Suite 1100<br>Minneapolis, MN 55402<br>charlief@e-ulaw.com<br><br>*Attorneys for Plaintiffs* | By: /s/ Krissy Katzenstein<br>Grace Speights<br>Krissy Katzenstein<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Ave. NW<br>Washington DC 20004<br>grace.speights@morganlewis.com<br>krissy.katzenstein@morganlewis.com<br><br>Michael Burkhardt<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia PA 19103<br>michael.burkhardt@morganlewis.com<br><br><br><br>*Attorneys for Defendant*<br>*Lockheed Martin Corporation* |